**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4242

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODREGUS KEONTAE BENEFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:23-cr-00069-MGL-1)

Submitted:  January 23, 2025                           Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant.  Frederick Michael O'Mara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2023, Rodregus Keontae Benefield pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  In accordance with the plea agreement, the district court sentenced Benefield to 120 months' imprisonment. Proceeding pro se, Benefield noted an appeal from the criminal judgment.  Benefield's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal.  Benefield has not filed a supplemental pro se brief despite receiving notice of his right to do so.  The Government has moved to dismiss the appeal as untimely.[1]

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

---

[1] The Government also moves to dismiss the appeal as barred by the appeal waiver in Benefield's plea agreement, but we need not reach this issue.

The district court entered judgment on January 24, 2024, and the appeal period expired on February 7, 2024. Benefield filed the notice of appeal on April 23, 2024.[2] Because Benefield failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss Benefield's appeal as untimely.

This court requires that counsel inform Benefield, in writing, of the right to petition the Supreme Court of the United States for further review. If Benefield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benefield.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[2] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Benefield could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).